UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FERRIS LEE CLARK and**  **CIVIL ACTION**
**LAURA H. CLARK**

**VERSUS**  **NO. 10-339**

**APACHE CORPORATION,**  **SECTION "K"(2)**
**GOM SHELF, LLC**
**WOOD GROUP PRODUCTION**
**SERVICES, INC., AND SHAMROCK**
**MANAGEMENT, LLC**

## ORDER AND OPINION

Before the Court is the motion to remand filed on behalf of plaintiffs Ferris Lee Clark and Laura B. Clark (Doc. 6). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

### BACKGROUND

Ferris Lee Clark, an employee of Shamrock Management, LLC ("Shamrock"), sustained injuries while working on a platform. He and his wife filed suit in the 25th Judicial District Court for the Parish of Plaquemines against Apache Corporation ("Apache"), GOM Shelf, L.L.C. ("GOM"), Wood Production Services, Inc. ("Wood"), and Shamrock seeking damages resulting from Mr. Clark's injuries. Plaintiffs' petition alleges that Mr. Clark was employed "on a platform know as South Pass 75A located in this Parish and State" and that "[t]his matter is brought pursuant to the savings to suitors clause, 28 U.S.C. §1333. This is an admiralty or maritime claim brought before this Honorable Court pursuant to the savings clause and there this Honorable Court has jurisdiction and venue over the claims asserted herein." Doc. 6-2. Plaintiffs later voluntarily dismissed Shamrock from the suit.

Thereafter defendant Wood removed the suit to this court alleging federal jurisdiction based on diversity of citizenship, 28 U.S.C. §1332, and alternatively alleging federal question jurisdiction under the Outer Continental Shelf Lands Act, 43 U.S.C. §1331, based on Wood's allegation that Mr. Clark sustained his injuries on a platform attached to the Outer Continental Shelf. Plaintiffs then filed a motion to remand urging that Wood improperly removed the case because the case involves an admiralty or maritime claim brought pursuant to the "Savings to Suitor" clause.

LAW AND ANALYSIS

Generally "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, maybe removed by the defendant . . . to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. §1441(b). The removing party bears the burden of proof. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

Plaintiffs' invocation of the Savings to Suitors clause in their petition does not *per se* prohibit the removal of the suit. It is well established that the Savings to Suitors clause "does not prevent the removal of maritime claims when original jurisdiction is based on something other than admiralty." *Tennessee Gas Pipeline v. Houston Casualty Insurance Co.*, 87 F.3d 150, 153 (5th Cir. 1996). Wood contends that diversity of citizenship provided original jurisdiction over this suit alleging that the amount in controversy exceeds $75,000, exclusive of interest and costs and that while plaintiffs are citizens of Mississippi, that it is a citizen of Nevada, and that Apache and GOM Shelf are citizens of Delaware. Plaintiffs do not dispute that compete diversity is present or that the amount in controversy exceeds $75,000, exclusive of interest and costs. Because the requirements for diversity jurisdiction are present, removal of plaintiffs' suit was proper.

2

Additionally, defendants Apache and Wood urged that Wood properly removed the suit based on federal question jurisdiction pursuant to 28 U.S.C. §1331 because plaintiffs' suit arises under the Outer Continental Shelf Lands Act, 43 U.S.C. §1332 ("OCSLA"). OCSLA provides, in pertinent part, that "[t]he subsoil and seabed of the outer Continental Shelf appertain to the United States and are subject to its jurisdiction, control, and power of disposition. . . ." 43 U.S.C. §1332(a). Plaintiffs' petition does not allege that the platform on which Mr. Clark was injured is secured to the Outer Continental Shelf, and defendants offer no proof of establishing that fact. Therefore, at this time the Court cannot determine whether OCSLA, and thus state law, applies to this case, or whether maritime law applies as plaintiffs contend. However, because the Court would have had original jurisdiction over this suit as a result of diversity jurisdiction the suit is properly pending in federal court, and the Court can determine at the appropriate time whether maritime law applies to the suit. Accordingly, the motion to remand is DENIED.

New Orleans, Louisiana, this 15th day of April, 2010.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE